# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2023

Lyle W. Cayce
Clerk

No. 22-60599
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jasper Michael Wagner,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:22-CR-70-1

———————————————————

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Jasper Michael Wagner pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced Wagner to the statutory maximum sentence of 240 months in prison, which was above the advisory guidelines range of 151 to 188 months of imprisonment. On appeal,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60599

Wagner asserts that the district court imposed a procedurally and substantively unreasonable sentence and violated the Sixth Amendment.

First, Wagner argues that the district court imposed a procedurally unreasonable sentence by both failing to adequately articulate its reasons for imposing an above-guidelines sentence and improperly relying on judge-found facts. Because Wagner did not object to his sentence on these bases, we review for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

To ensure that the sentence is procedurally reasonable, the district court is required to articulate the specific reasons for imposing an above-guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The stated reasons should be "fact-specific and consistent with the sentencing factors enumerated in [18 U.S.C. §] 3553(a)." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). The record demonstrates that the district court adequately articulated its consideration of the § 3553(a) factors before imposing the above-guidelines sentence. *See id.* at 707-08.

Next, a sentence is procedurally unreasonable if the district court imposed the sentence based on clearly erroneous facts. *See Gall*, 552 U.S. at 51. The district court must "determine its factual findings at sentencing by a preponderance of the relevant and sufficiently reliable evidence." *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013); *see United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The district court did not err by inferring from the presentence report (PSR) that bank employees were traumatized by Wagner's many bank robberies because the underlying facts were established by a preponderance of the evidence and had sufficient indicia of reliability. *See Mares*, 402 F.3d at 519. Based on the foregoing, the sentence was procedurally reasonable, and Wagner has shown no error, plain or otherwise. *See Mondragon-Santiago*, 564 F.3d at 361.

Second, Wagner contends that his sentence was substantively unreasonable because the district court did not properly weigh the § 3553(a) factors. Because this challenge was preserved, we review for abuse of discretion. *See Gall*, 552 U.S. at 51. Before imposing the sentence, the district court evaluated the facts and criminal history set forth in the PSR, reviewed the written arguments of the Government and defense counsel, considered the letter of support from Wagner's sister, listened to Wagner's in-court apology and stated intentions during incarceration, heard arguments from counsel, and confirmed that it had considered the sentencing factors in § 3553(a). There is no indication that an important factor was overlooked, that an improper factor was given significant weight, or that the imposed sentence suggests a clear error of judgment in the court's balancing of the factors. *See Smith*, 440 F.3d at 708. We will not reweigh the sentencing factors and substitute our judgment for that of the district court, as Wagner requests. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

Finally, Wagner asserts that the district court's consideration of judge-found facts violated the Sixth Amendment. We have explicitly "foreclosed as-applied Sixth Amendment challenges to sentences within the statutory maximum that are reasonable only if based on judge-found facts." *United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir. 2011). As previously discussed, the district court's inference that bank employees were traumatized by Wagner's many bank robberies was supported by a preponderance of the evidence. *See Mares*, 402 F.3d at 519. Moreover, Wagner was sentenced to the statutory maximum of 240 months of imprisonment. *See* § 2113(a). Accordingly, the district court was entitled to engage in judicial fact-finding, no constitutional violation occurred, and there was no error, plain or otherwise. *See Hernandez*, 633 F.3d at 374.

AFFIRMED.